UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-24394-CIV-GAYLES
        (14-20401-CR-GAYLES)
MAGISTRATE JUDGE P.A. WHITE

KARIN L. RIGNACH,

    Movant,

vs.                                         REPORT OF
                                         MAGISTRATE JUDGE

UNITED STATES OF AMERICA,

    Respondent.

_____/

## I. Introduction

This matter is before the Court upon Movant's pro se motion to vacate, filed pursuant to 28 U.S.C. §2255 and the memorandum of law in support thereof, attacking the constitutionality of her sentence for conspiracy to commit money laundering, entered following a guilty plea in case no. 14-Cr-20401-Gayles.

This cause was referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B),(C); S.D.Fla. Local Rule 1(f) governing Magistrate Judges; S.D. Fla. Admin. Order 2003-19; and Rules 8 and 10 Governing Section 2255 Cases in the United States District Courts.

No order to show cause was issued because, on the face of the motion, together with the underling criminal record, it is evident the Movant is not entitled to any relief. See Rule 4, Rules Governing Section 2255 Proceedings.[1]

In issuing this report, the undersigned has carefully reviewed

---

[1] Rule 4 of the Rules Governing Section 2255 Petitions provides, in pertinent part, that "[I]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

and considered the instant motion, (CV-DE#1), the memoradum of law in support of the motion (CV-DE#4), the Presentence Investigation Report ("PSI"), the PSI Addenda, the Statement of Reasons ("SOR"), the transcripts of the change of plea and sentencing hearings (CR-DE#64; CR-DE#65), and all relevant portions of the underlying criminal file.

## II.  Claims

Construing the §2255 motion liberally, as afforded pro se litigants pursuant to Haines v. Kerner, 404 U.S. 519 (1972), the Movant raises the following grounds for relief: (1) that Amendment 794 to U.S.S.G. §3B1.2, which took effect on November 1, 2015, after Movant's sentencing hearing, applies to her case and makes her eligible for a minor-role reduction to her sentence; and (2) that her counsel was ineffective for not requesting a minor role reduction at sentencing and for not requesting a continuance of the sentencing hearing so she can benefit from Amendment 794. (CV-DE#4).

## III.  Procedural History

Briefly, the Movant was charged with one count of conspiracy to commit money laundering.(CR-DE#3). Movant pled guilty. (CR-DE#49; CR-DE#64). Prior to sentencing, a PSI was prepared, which revealed that the base offense level was set at 20, pursuant to U.S.S.G. §2S1.1(a)(2), which provides that an offense involving money laundering has a base offense level of eight (8) plus the number of offense levels from the table in §2B1.1 corresponding to the value of the funds. (PSI ¶27). Because Movant was accountable for $276,960, her base offense level was increased by twelve (12) levels pursuant to §2B1.1(b)(1)(G), totaling 20. (PSI ¶27). An additional six-level increase was added to the base offense level pursuant to §2S1.1(b)(1) and an additional two-level increase was

2

added to the base offense level pursuant to §2S1.1(b)(2)(B). (PSI ¶¶28, 29). Thus, the adjusted offense level was 28. (PSI ¶33). The probation officer recommended a three-level adjustment for acceptance of responsibility pursuant to §3E1.1(a) and §3E1.1(b). (PSI ¶¶35, 36). The total offense level was 25. (PSI ¶37).

Regarding the role assessment, the probation officer found that Movant and her codefendant were equally culpable in the conspiracy. (PSI ¶23). They conspired together to launder illegal drug proceeds for unindicted co-conspirators in Peru, and they were each responsible for the seizure of funds which amounted to $276,960. (PSI ¶23). The probation officer did not recommend an aggravating or mitigating role adjustment either for Movant or for her codefendant. (PSI ¶23).

The probation officer determined that Movant had zero criminal history points, resulting in a criminal history category I. (PSI ¶40). Based on a total offense level of 25 and a criminal history category I, the Movant's advisory guideline range was between 57 months imprisonment at the low end, and 71 months imprisonment at the high end. (PSI ¶71). Statutorily, Movant faced a term of imprisonment from 0 to 20 years, pursuant to 18 U.S.C. §1956(a)(1). (PSI ¶70).

Prior to sentencing, Movant filed a sentencing memorandum, asking the court for a downward variance from the recommended guideline sentence based on her family circumstances, assistance to the government, and a combination of other factors. (CR-DE#55).

The sentencing hearing was held on March 31, 2015. (CR-DE#61). Review of the Statement of Reasons and of the transcript of the sentencing hearing, reveals that the district court adopted the presentence investigation report without change and imposed a sentence below the advisory guideline range, finding that a

3

downward variance was appropriate. (SOR; CR-DE#65:27). Thereafter, the court sentenced Movant to a total term of thirty (30) months imprisonment, followed by two (2) years of supervised release. (CR-DE#65:28; CR-DE#63).

The judgment was entered by the clerk on **March 31, 2015**. (CR-DE#63). Movant did not appeal her conviction and sentence. Therefore, for purposes of the federal one-year limitations period, Movant's judgment of conviction in the underlying criminal case became final **on April 14, 2015**, fourteen (14) days after the entry of the judgment, when the time for filing a notice of appeal expired. Thus, Movant's instant motion, which was executed[2] on October 10, 2016, is outside the one-year statutory limitations period.

## IV.   Standard of Review

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to §2255 are extremely limited. A prisoner is entitled to relief under §2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. See 28 U.S.C. §2255(a); McKay v. United States, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011).

---

[2] "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009); see Fed.R.App.P. 4(c)(1)("If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing."). Unless there is evidence to the contrary, like prison logs or other records, a prisoner's motion is deemed delivered to prison authorities on the day he signed it. See Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001); Adams v. United States, 173 F.3d 1339 (11th Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

The Eleventh Circuit has promulgated a two-part inquiry that a district court must consider before determining whether a movant's claim is cognizable. First, a district court must find that "a defendant assert[ed] all available claims on direct appeal." Frady, 456 U.S. at 152; McCoy v. United States, 266 F.3d 1245, 1258 (11th Cir. 2001); Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994). Second, a district court must consider whether the type of relief the movant seeks is appropriate under §2255. This is because "[r]elief under 28 U.S.C. §2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." Lynn, 365 F.3d at 1232-33 (quoting Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988) (internal quotations omitted)); see also Spencer v. United States, 773 F.3d 1132, 1138 (11th Cir. 2014) (en banc), cert denied, 135 S.Ct. 2836 (2015). The Spencer court noted that a misapplication of the sentencing guidelines can never rise to the level of a fundamental "miscarriage of justice" necessary to make a §2255 claim cognizable. Spencer, 773 F.3d at 1143-44.

If a court finds a claim brought pursuant to §2255 to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. §2255(b). To obtain this relief on collateral review, a movant must "clear a significantly higher hurdle than would exist on direct appeal." Frady, 456 U.S. at 166, 102 S.Ct. at 1584 (rejecting the plain error standard as not sufficiently deferential to a final judgment).

Section 2255 further provides that unless "the motion and the files and records of the case conclusively show that the prisoner

is entitled to no relief," the court shall "grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. §2255(b). However, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Schriro v. Landrigan, 550 U.S. 465, 474, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007). See also Aron v. United States, 291 F.3d 708, 715 (11th Cir. 2002) (explaining that no evidentiary hearing is needed when a petitioner's claims are "affirmatively contradicted by the record" or "patently frivolous"). As indicated by the discussion below, the motion and the court records here conclusively show that Movant is entitled to no relief, therefore, no evidentiary hearing is warranted.

In addition, the party challenging the sentence has the burden of showing that it is unreasonable in light of the record and the §3553(a) factors. United States v. Dean, 635 F.3d 1200, 1209-10 (11th Cir. 2011) (citing United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005)); see also United States v. Bernal-Benitez, 594 F.3d 1303, 1320 (11th Cir. 2010); United States v. Bostic, 645 Fed.Appx. 947, 948 (11th Cir. 2016) (unpublished). The Eleventh Circuit recognizes "that there is a range of reasonable sentences from which the district court may choose," and ordinarily expect a sentence within the defendant's advisory guideline range to be reasonable. Talley, 431 F.3d 784.

The standard for a successful claim of ineffective assistance of counsel was established in the two-pronged Strickland[3] test, which requires a movant to prove both deficient performance and prejudice to be entitled to relief. Performance is "measured

---

[3] Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

against an objective standard of reasonableness under the prevailing professional norms." Rompilla v. Beard, 545 U.S. 374, 381, 125 S.Ct. 2456, 2462, 162 L.Ed. 2d 360 (2005) (internal quotation marks and citations omitted). To prove deficient performance, a movant must identify specific acts or omissions by counsel that are so serious "that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687.

The prejudice prong in the context of sentencing errors requires a showing that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. Glover v. United States, 531 U.S. 198, 203-04, 121 S.Ct. 696, 148 L.Ed.2d 604 (2001). A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." Id. at 203.

Likewise, a §2255 movant must provide factual support for his contentions regarding counsel's performance. Smith v. White, 815 F.2d 1401, 1406-07 (11th Cir.1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the Strickland test. See Boyd v. Comm'r, Ala. Dep't of Corr's, 697 F.3d 1320, 1333-34 (11th Cir. 2012); Garcia v. United States, 456 Fed.Appx. 804, 807 (11th Cir. 2012) (citing Yeck v. Goodwin, 985 F.2d 538, 542 (11th Cir. 1993)); Wilson v. United States, 962 F.2d 996, 998 (11th Cir. 1992); Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991), cert. denied sub nom. Tejada v. Singletary, 502 U.S. 1105 (1992); Stano v. Dugger, 901 F.2d 898, 899 (11th Cir. 1990) (citing Blackledge v. Allison, 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977)); United States v. Ross, 147 Fed.Appx. 936, 939 (11th Cir. 2005).

Finally, the Eleventh Circuit has recognized that given the

7

principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail ... are few and far between." Chandler, 218 F.3d at 1313. This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted as defense counsel did given the circumstances. Dingle, 480 F.3d at 1099; Williamson v. Moore, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" Dingle, 480 F.3d at 1099 (quoting Adams v. Wainwright, 709 F.2d 1443, 1445 (11th Cir. 1983)).

## V. Discussion

### A. Timeliness

From review of the instant §2255 motion, and from court records of which this Court takes judicial notice, it is apparent that this action is subject to dismissal as time-barred. It is well settled that courts may *sua sponte* consider the issue of the timeliness of a motion to vacate. Day v. McDonough, 547 U.S. 198, 199 (2006)(holding that District courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition, even after the pre-answer, initial screening stage of the habeas proceeding); and Jackson v. Sec'y, Dep't of Corr's, 292 F.3d 1347, 1349 (11th Cir. 2002)(holding that the district court possesses discretion to *sua sponte* question the timeliness of a petition for the writ of habeas corpus); United States v. Terry, No. A.97-CV-522, 1997 WL 662477 (N.D.N.Y. Oct. 22, 1997) (addressing the issue of timeliness under AEDPA *sua sponte* although the government did not contend petition was time-barred); Rivalta v. Artuz, No. 96 CIV.8043(SAS), 1997 WL 401819 (S.D.N.Y.

July 16, 1997)(same); <u>Scire v. United States</u>, No. 96-CV-3446, 1997 WL 138991 (E.D.N.Y. March 24, 1997) (same).

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") created a limitation for a motion to vacate. Pursuant to 28 U.S.C. §2255(f), as amended April 24, 1996, a one year period of limitations applies to a motion under that section. The one year period runs from the latest of:

> (1)  The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (2)  The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant is prevented from filing by such governmental action;

> (3)  The date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4)  The date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence.

<u>See</u> 28 U.S.C. §2255(f); <u>see also</u> <u>Pruitt v. United States</u>, 274 F.3d 1315, 1317 (11th Cir. 2001); <u>Bousley v. United States</u>, 523 U.S. 614 (1998)(new substantive not constitutional rule applies retroactively on collateral review, finding that the issue there was the product of statutory interpretation and not constitutional determinations that place particular conduct covered by a statute beyond the State's power to punish). The burden of demonstrating that the AEDPA's one-year limitation period was sufficiently

tolled, whether statutorily or equitably, rests with the movant. See, e.g., Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005); Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).

Movant argues that her motion is timely because the claims raised therein were not available at sentencing or on appeal. Under §2255(f)(1), as discussed above, the Movant's conviction became final on **April 14, 2015,** when the 14-day period for filing a direct appeal, following imposition of judgment, expired. The Movant had one year from the time her conviction became final within which to timely file this initial collateral proceeding, or no later than **April 14, 2016.** The §2255 motion was not filed until **October 10, 2016,** over one year after Movant's conviction became final, and long after the one-year federal limitations period expired. Consequently, Movant is not entitled to statutory tolling of the limitations period. Therefore, Movant cannot rely on §2255(f)(1) to establish the timeliness of this motion since well over one year elapsed from the time the conviction became final until she filed this first §2255 motion.

That, however, does not end the inquiry. Under certain circumstances, a movant may be entitled to equitable tolling of the limitations period. However, the Movant here has also not demonstrated that she is entitled to equitable tolling, which is a rare and extraordinary remedy. See San Martin, 633 F.3d at 1271. A petitioner is entitled to equitable tolling "only if [she] shows (1) that [she] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way and prevented timely filing." Holland, 560 U.S. 649 (citation and internal quotation marks omitted); see also Diaz v. Sec'y for Dep't of Corr's, 362 F.3d 698, 702 (11th Cir. 2004)(characterizing the

equitable-tolling standard as a two-part test, stating that "equitable tolling is available only if a movant establishes *both* extraordinary circumstances and due diligence."(emphasis supplied)).

The extraordinary circumstances must be circumstances beyond the movant's control. See Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009). Further, there must be a causal connection between the alleged extraordinary circumstances and the late filing of the petition. See San Martin, 633 F.3d at 1267. The diligence required for equitable tolling to be warranted is "reasonable diligence, not maximum feasible diligence." Id. (quotations omitted). No such circumstances are present here. Amendment 794 became effective on November 1, 2015 and Movant has not alleged any extraordinary circumstances beyond her control that prevented her from timely filing her §2255 motion, by April 14, 2016.

It is well settled that mere ignorance of the law or lack of knowledge of filing deadlines does not justify equitable tolling of AEDPA's limitation period. See Johnson v. United States, 544 U.S. 295, 311, 125 S.Ct. 1571, 1582 (2005)(stating that "the Court has never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness.").

The Eleventh Circuit has further held that lack of legal education and related confusion or ignorance about the law as excuses for a failure to file in a timely fashion does not warrant equitable tolling of the limitations period. See Perez v. Florida, 519 Fed.Appx. 995, 997 (11th Cir. 2013)(quoting Rivers v. United States, 416 F.3d 1319, 1323 (11th Cir. 2005)(holding that while movant's lack of education may have delayed his efforts to vacate his state conviction, his procedural ignorance is not an excuse for prolonged inattention when promptness is required)); Felder v.

11

Johnson, 204 F.3d 168, 172-73 & n. 10 (5th Cir. 2000) cert. denied, 531 U.S. 1035 (2000)(holding that ignorance of law and pro se status are insufficient to toll statute of limitations). As with any litigant, pro se litigants "are deemed to know of the one-year statute of limitations." Outler v. United States, 485 F.3d 1273, 1282 n.4 (11th Cir. 2007).

If Movant means to argue that she is entitled to equitable tolling of the limitations period, in that the failure to review her challenges on the merits will result in a fundamental miscarriage of justice, that claim also warrants no relief. The law is clear that a movant may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause or prejudice, if such review is necessary to correct a fundamental miscarriage of justice. See Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Henderson v. Campbell, 353 F.3d 880, 892 (11th Cir. 2003). This exception is only available "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." Henderson, 353 F.2d at 892.

As a threshold matter, the Eleventh Circuit has never held that §2255's limitations period carries an exception for actual innocence, and it has declined to reach the issue whether the absence of such an exception would violate the Constitution. See e.g., Taylor v. Sec'y, Dep't of Corr's, 230 Fed. Appx. 944, 945 (11th Cir. 2007) ("[W]e have never held that there is an 'actual innocence' exception to the AEDPA's one-year statute of limitations, and we decline to do so in the instant case because [the petitioner] has failed to make a substantial showing of actual innocence."); Wyzykowski v. Dep't of Corr's, 226 F.3d 1213, 1218-19 (11th Cir. 2000)(leaving open the question whether the §2244 limitation period to the filing of a first federal habeas petition constituted an unconstitutional suspension of the writ). But cf.

12

United States v. Montano, 398 F.3d 1276, 1284 (11th Cir. 2005)("Actual innocence is not itself a substantive claim, but rather serves only to lift the procedural bar caused by appellant's failure to timely file his §2255 motion."). However, several other circuits have recognized such an exception. See, e.g., Souter v. Jones, 395 F.3d 577 (6th Cir. 2005); Flanders v. Graves, 299 F .3d 974 (8th Cir. 2002). Assuming, without deciding, that a movant's actual innocence might support equitable tolling of the limitation period, Movant has failed to make a substantial showing of actual innocence.

"To establish actual innocence, [a habeas petitioner] must demonstrate that ... 'it is more likely than not that no reasonable [trier of fact] would have convicted [her].' Schlup v. Delo, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)." Bousley v. United States, 523 U.S. 614, 623 (1998). "[T]he Schlup standard is demanding and permits review only in the "'extraordinary' case." House v. Bell, 547 U.S. 518, 538 (2006).

Courts have emphasized that actual innocence means factual innocence, not mere legal insufficiency. Id.; see also High v. Head, 209 F.3d 1257 (11th Cir. 2000); Lee v. Kemna, 213 F.3d 1037, 1039 (8th Cir.2000); Lucidore v. New York State Div. of Parole, 209 F.3d 107 (2nd Cir. 2000)(citing Schlup v. Delo, 513 U.S. 298, 299, (1995); Jones v. United States, 153 F.3d 1305 (11th Cir. 1998) (holding that appellant must establish that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him). See also Bousley, 523 U.S. at 623-624; Doe v. Menefee, 391 F.3d 147, 162 (2 Cir. 2004)("As Schlup makes clear, the issue before [a federal district] court is not legal innocence but factual innocence.").

To be credible, a claim of actual innocence requires the movant to "support his [her] allegations of constitutional error

with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." Schlup v. Delo, 513 U.S. at 324. All things considered, the evidence must undermine the Court's confidence in the outcome of the trial. Id. at 316. No such showing has been made here. Even if such an exception exists, the Movant has failed to make the requisite showing of actual innocence that would support consideration of her untimely motion to vacate on the merits. On the record before this court, no fundamental miscarriage of justice will result by time-barring this federal petition.

Under the totality of the circumstances present here, the Movant's dilatory behavior cannot qualify her for equitable tolling. As a result of Movant's failure to diligently pursue her rights, she has failed to demonstrate that she qualifies for equitable or statutory tolling. Consequently, this §2255 motion should be dismissed as time-barred.

Movant's argument that Amendment 794 is retroactively applicable to cases on collateral review is devoid of merit, as will be discussed in detail below. Amendment 794 is a clarifying amendment that has not been made retroactively applicable on collateral review neither by the Sentencing Commission, nor by the Eleventh Circuit. Consequently, the Movant cannot use its enactment to circumvent the one year limitations period.

B. Merits

Even if Movant's motion were timely, she would still not be entitled to relief. Here, the Movant seeks a sentence reduction, claiming to be entitled to a mitigating role adjustment, pursuant to U.S.S.G. §3B1.2 of the United States Sentencing Guidelines. (Cv-DE#4). Her claim is premised on the Sentencing Commission's

enactment of Amendment 794, to the commentary of §3B1.2, which became effective on November 1, 2015, long after the Movant was sentenced. <u>See</u> Sentencing Guidelines For United States Courts, 80 Fed.Reg. 25,782, 25,782 (May 5, 2015) (stating that on April 30, 2015, the Sentencing Commission proposed amendments to §3B1.2 to become effective November 1, 2015). Movant asserts that Amendment 794 is retroactive because it resolved a circuit split and was intended as a clarifying amendment.

U.S. Sentencing Guidelines, Section 3B1.2 provides a decrease to a defendant's base offense level by up to four levels "[i]f the defendant was a minimal participant in any criminal activity," two levels "[i]f the defendant was a minor participant in any criminal activity," and three levels if the defendant's level of participation fell between minimal and minor. <u>See</u> U.S.S.G. §3B1.2. The commentary to §3B1.2 provides that a mitigating role adjustment is available to any defendant "who plays a part in committing the offense that makes him [her] substantially less culpable than the average participant." <u>See</u> <u>id.</u> U.S.S.G. §3B1.2 cmt. n.3(A). The Sentencing Commission did not make the amendment retroactively applicable to cases on collateral review. <u>See</u> U.S.S.G. §1B1.10(d). In fact, the Sentencing Commission specifically explained that Amendment 794 is intended only as a clarifying amendment. U.S.S.G. Supp. App. C, Amend. 794 (Reason for Amend.) ("This amendment provides additional guidance to sentencing courts in determining whether a mitigating role adjustment applies.").

Amendment 794 "left the text of §3B1.2 unchanged." <u>United States v. Gomez</u>, 828 F.3d 324, 328 (5th Cir. 2016); <u>see also</u> <u>United States v. Quintero-Leyva</u>, 823 F.3d 519, 523 (9th Cir. 2016); <u>United States v. Casas</u>, 632 Fed.Appx. 1003, 1004 (11th Cir. 2015). Rather, the amendment modified §3B1.2's application notes by introducing a list of non-exhaustive factors that a sentencing court should

consider in determining whether to apply a mitigating role adjustment. See Quintero-Leyva, 823 F.3d at 523. As explained by the Eleventh Circuit, an amendment to the commentary not to the text of the Guidelines, is one that clarifies the Guidelines, "rather than substantively alters it." United States v. Cruickshank, 837 F.3d 1182, 1193 (11th Cir. 2016) (citing United States v. Quintero-Leyva, 823 F.3d 519, 523 (9th Cir. 2016) (holding that Amendment 794 was intended as a clarifying amendment and it applies retroactively on direct appeal)). It is also worth noting that, generally, a court is required to use the guidelines manual in effect on the date a defendant is sentenced. See Dorsey v. United States, 132 S. Ct. 2321, 2332 (2012); U.S.S.G. §1B1.11(a) (requiring use of "the Guidelines Manual in effect on the date that the defendant is sentenced").

Amendment 794 was enacted months after the Movant's March 2015 sentencing hearing. As will be demonstrated below, even if a request for a mitigating role adjustment had been made, the Movant could not show that the court would have granted such a request. Consequently, Movant cannot rely on Amendment 794 to obtain the relief requested.

The Sentencing Guidelines provide for a two-level decrease to a base offense level if a defendant was a minor participant in the criminal activity. U.S.S.G §3B1.2(b). A minor participant is one "who is less culpable than most other participants in the criminal activity, but whose role could not be described as minimal." Id. cmt. n.5. The Eleventh Circuit, in United States v. De Varon, 175 F.3d 930 (11th Cir. 1999) (en banc), has held that when considering a request for a minor-role reduction, courts must determine: "first, the defendant's role in the relevant conduct for which [she] has been held accountable at sentencing, and, second, [her] role as compared to that of other participants in [her] relevant

16

conduct." <u>De Varon</u>, 175 F.3d at 940. The <u>De Varon</u> court explained that "[t]hese principles advance both the directives of the Guidelines and our case precedent by recognizing the fact-intensive nature of this inquiry and by maximizing the discretion of the trial court in determining the defendant's role in the offense." <u>Id</u>. at 934. The Eleventh Circuit further explained that "the district court must assess all of the facts probative of the defendant's role in his/her relevant conduct in evaluating the defendant's role in the offense." <u>Id.</u> at 943.

In Amendment 794 to the U.S. Sentencing Guidelines, the Commission clarified "the factors for a court to consider for a minor-role adjustment, and still continue to embrace the approach taken by the Eleventh Circuit in <u>De Varon</u>." <u>Cruickshank</u>, 837 F.3d at 1193. Specifically, Application Note 3(C) to U.S.S.G. §3B1.2, provides:

> In determining whether to apply subsection (a) or (b), or an intermediate adjustment, the court should consider the following non-exhaustive list of factors:
>
> (i) the degree to which the defendant understood the scope and structure of the criminal activity;
>
> (ii) the degree to which the defendant participated in planning or organizing the criminal activity;
>
> (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
>
> (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;

17

> (v)  the degree to which the defendant stood
>       to benefit from the criminal activity.
>
> For example, a defendant who does not have a
> proprietary interest in the criminal activity
> and who is simply being paid to perform
> certain tasks should be considered for an
> adjustment under this guideline.
>
> The fact that a defendant performs an
> essential or indispensable role in the
> criminal activity is not determinative. Such a
> defendant may receive an adjustment under this
> guideline if he or she is substantially less
> culpable than the average participant in the
> criminal activity....

U.S.S.G. Supp. App.C, Amendment 794 (November 1, 2015).

In Cruickshank, the Eleventh Circuit recognized that Amendment 794 contained the "non-exhaustive list of factors" which it had previously "delineated in De Varon, including the defendant's role in planning and carrying out the scheme, as well as the amount the defendant stood to be paid." Cruickshank, supra (citing De Varon, 175 F.3d at 945).

Here, the factual proffer reveals that Movant played an integral role in the conspiracy to commit money laundering. The facts show that Movant and her codefendant and husband, Eddy M. Valencia, were receiving proceeds from the sale of illegal narcotics. (CR-DE#64:12). On April 25, 2013, law enforcement conducted surveillance of their residence in Hialeah, Florida. (CR-DE#64:12). Codefendant Valencia was observed leaving the residence and stopping at three different banks in Hialeah. (CR-DE#64:12). Law enforcement approached codefendant Valencia, who gave consent for a vehicle search. (CR-DE#64:12). Inside the vehicle, law enforcement found $11,000 in U.S. currency and a bank deposit slip in the amount of $2,000 in Movant's name. (CR-DE#64:12-13).

Movant was observed leaving the residence carrying two cardboard boxes. (CR-DE#64:13). Law enforcement obtained consent from Movant to search the vehicle and the residence. (CR-DE#64:13). A search of the two cardboard boxes revealed that Movant was carrying $250,000 and, respectively, $20,000 in U.S. currency. (CR-DE#64:13). A search of the residence uncovered approximately $15,000 in U.S. currency. (CR-DE#64:13). Both Movant and her codefendant gave post-Miranda[4] statements, admitting that the money found in their vehicle and residence came from narcotic sales and had to be delivered to a Peruvian associate. (CR-DE#64:13). They both admitted that they were aware their actions were intended to conceal or disguise the fact that the money was obtained by the sale of illegal narcotics. (CR-DE#64:13). Movant further explained that the amount of $250,000 seized by law enforcement was intended to be delivered on behalf of a Peruvian associate. (CR-DE#64:13).

Given the stipulated factual proffer, under the factors set forth by the Eleventh Circuit in De Varon, and as clarified by Amendment 794, the court finds that even had the issue been raised at sentencing or on appeal, the Movant would not have been entitled to a mitigating role determination. As set forth in the stipulated factual proffer, there is nothing of record to suggest that the Movant played anything other than an integral role in the conspiracy.

After considering all of the facts probative of Movant's role and her relevant conduct in the offense of conviction, the Movant is not entitled to a mitigating role adjustment. It cannot be said that had the sentencing court considered a mitigating role adjustment under the guidelines, such a request would have been granted. The Movant has not met her burden of proof, nor has she

---

[4] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

established that her sentence was rendered fundamentally unfair or that it constituted a miscarriage of justice sufficient to form the basis for collateral relief. See Burke, 152 F.3d at 1332. Therefore, Movant is entitled to no relief on this claim.

It is also worth mentioning that the Movant agreed to waive all rights to appeal the sentence imposed, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure from the guideline range the court established at sentencing. (Cr-DE#527:4). Here, the sentence imposed was not as a result of an upward departure. To the contrary, the judgment and SOR confirm the Movant was sentenced below the applicable guideline range that the court established at sentencing.

Movant's claim that counsel was ineffective for not seeking minimal role at sentencing or for not seeking to postpone the sentencing so that Movant could benefit from the newly proposed Amendment 794 is also without merit. As already discussed above, it is clear from the factual proffer that Movant was not entitled to a minor role reduction and there is no reasonable probability that but for counsel's alleged errors, the sentencing court would have granted a continuance and that the result of the proceedings would have been less harsh due to a reduction in the Movant's offense level. Glover v. United States, 531 U.S. 198, 203-04, 121 S.Ct. 696, 148 L.Ed.2d 604 (2001).

It should further be noted that this court has considered all of the Movant's arguments raised in her §2255 motion and memorandum of law. (Cv-DE#1; CV-DE#4). See Dupree v. Warden, 715 F.3d 1295 (11th Cir. 2013)(citing Clisby v. Jones, 960 F.2d 925 (11th Cir. 1992)). Based on all of the foregoing, Movant has failed to demonstrate she is entitled to vacatur of her conviction and sentence. Thus, to the extent a precise argument, subsumed within

the foregoing ground for relief, was not specifically addressed herein, the claim was considered and found to be devoid of merit, warranting no discussion herein.

In conclusion, the record reveals that Movant is not entitled to relief on any of the arguments presented.

## VI. Certificate of Appealability

As amended effective December 1, 2009, Rule 11(a) of the Rules Governing Section 2255, provides that "[t]he district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant." If a certificate is granted, the court must specify the specific issue(s) "that satisfy the showing required by 28 U.S.C. §2253(c)(2)." Rule 11(a), Rules Governing Section 2254 Proceedings for the United States District Courts. Even when a court issues a certificate of appealability, a timely notice of appeal must still be filed. See Rules Governing §2255 Proceedings, Rule 11(b), 28 U.S.C. foll. §2255.

Movant is not entitled to a certificate of appealability. A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To merit a certificate of appealability, Movant must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. Slack v. McDaniel, 529 U.S. 473, 478, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). See also Eagle v. Linahan, 279 F.3d 926, 935 (11th Cir. 2001). Because the claims raised are clearly without merit, Movant cannot satisfy the Slack test. Slack, 529 U.S. at 484.

As provided by Rule 11(a) "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a

certificate should issue." Rules Governing §2255 Proceedings, Rule 11(a), 28 U.S.C. foll. §2255. If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

### VII. Conclusion and Recommendations

Based on the foregoing, it is recommended that the motion to vacate be DISMISSED as time-barred; and, in the alternative, DENIED on the merits; that no certificate of appealability issue; and that this case be closed.

Objections to this report may be filed with the District Judge within fourteen (14) days of receipt of a copy of the report.

SIGNED this 11th day of January, 2017.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Karin L. Rignach, pro se
     BOP#: 05430-104
     Tallahassee Federal Correctional Institution
     Inmate Mail/Parcels
     501 Capital Circle NE
     Tallahassee, FL 32301

     Noticing 2255 US Attorney
     Email: usafls-2255@usdoj.gov